A. Melissa Johnson (187455)
Marilynn Mika Spencer (149941)
**SPENCER JOHNSON MCCAMMON LLP**
2727 Camino del Rio South, Suite 140
San Diego, California 92108
(619) 233-1313 telephone

David J. Duchrow (105617)
Jill A. Piano (193930)
**DUCHROW & PIANO LLP**
2510 Main Street, Suite 205
Santa Monica, CA 90405
(310) 452-4900

Attorneys for Plaintiffs and Proposed Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO, CALIFORNIA**

| | |
|---|---|
| Abucar Nunow ABIKAR, Barkadle Sheikh Muhamed AWMAGAN, Arab Mursal DEH, Majuma MADENDE, Osman Musa MOHAMED, Osman Musa MUGANGA, Rukia MUSA, and Fatuma SOMOW, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>Bristol Bay Native Corporation, Glacier Technical Solutions, LLC, Workforce Resources, LLC and DOES 1-50,<br><br>Defendants. | Case No:  **'18 CV 1700 DMS AGS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. FAILURE TO PAY EARNED WAGES [Labor Code §§ 204, 218, 218.5, 218.6]<br>2. FAILURE TO PAY EARNED WAGES [FLSA]<br>3. FAILURE TO PAY OVERTIME WAGES [Labor Code § 515]<br>4. CONVERSION<br>5. FAILURE TO FURNISH ACCURATE WAGE STATEMENTS [Labor Code § 226];<br>6. WAITING TIME PENALTIES [Labor Code §§ 201, 202, 203, 218];<br>7. UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200 et seq.] |

SPENCER JOHNSON MCCAMMON LLP

1

**PRELIMINARY STATEMENT**

1.      Individual and Representative Plaintiffs Abucar Nunow ABIKAR ("Abikar"), Barkadle Sheikh Muhamed AWMAGAN ("Awmagan"), Arab Mursal DEH ("Deh"), Majuma MADENDE ("Madende"), Osman Musa MOHAMED ("Mohamed"), Osman Musa MUGANGA ("Muganga"), Rukia MUSA ("Musa"), and Fatuma SOMOW ("Somow") (collectively "Plaintiffs" or Representative Plaintiffs"), on behalf of themselves and all others similarly situation, allege as follows.

2.      This wage and hour class action is brought on behalf of East African, Iraqi, Afghani, Filipino, and Mexican former role-player employees of defendants Bristol Bay Native Corporation ("Bristol Bay"), Glacier Technical Solutions, LLC ("GTS"), and Workforce Resources, LLC ("Workforce").

3.      At all times relevant herein the Defendants contracted with the United States Department of Defense to help train United States Marines in East African, Iraqi, Afghani, Filipino and Mexican cultures of interest to the military.  To this end, the Defendants employed East African, Iraqi, Afghani, Filipino and Mexican individuals as role-players to work in simulated villages as shopkeepers, village elders, insurgents, and other roles. The simulations teach Marines how to operate safely and effectively in counter-insurgency operations they may face in future combat or peace-keeping missions.

4.      Role-players were required to report for work at Defendants' office in Oceanside, California where they were often assigned tasks such as cleaning Defendants' vans and loading equipment into Defendants vans for transport to Camp Pendleton Marine Corps base.  The role-players were then transported from Defendants' office in Oceanside to Camp Pendleton Marine Corps Base.  Once on base, the role-players were transported to the exercise areas where they participated in training exercises with the U.S. Marines.  When the training exercises with the U.S. Marines were complete, role-players typically waited for Defendants' vans to arrive for transport from Camp Pendleton back to Defendants' office in Oceanside.  Defendants

CLASS ACTION COMPLAINT

required the role-players to ride in Defendants' vans for transport to and from Defendants' office and Camp Pendleton.

5.     Upon return to Defendants' office, role-players were assigned various tasks, including unloading vans, cleaning vans, cleaning equipment and accounting for equipment.

6.     Defendants paid each role-player from the time Defendants' vans entered the gate at Camp Pendleton until the training exercises with the military concluded.

7.     Defendants failed to compensate the role-players for hours they spent cleaning and loading Defendants' vans prior to departing for Camp Pendleton; hours they were required to ride in Defendants' vans for transport to and from Camp Pendleton; for hours they were required to wait for Defendants' vans to pick them up after training exercises with the military concluded; or for hours they spent performing duties assigned after they returned to Defendants' Oceanside office.  Role-players sometimes worked overtime hours for which Defendants failed to compensate them at their overtime rate.  Defendants sometimes required role-players to travel to other more distant locations for which Defendants failed to pay role-players for the time they spent traveling.

8.     Role-players were never provided accurate earnings statements which should have - but failed to - include hours they spent cleaning, loading, and unloading Defendants' vans; hours they were required to ride in Defendants' vans for transport to and from Camp Pendleton; hours they were required to wait for Defendants' vans to pick them up after training exercises with the military concluded; hours they spent performing duties assigned after they returned to Defendants' Oceanside office; all overtime hours; and travel time to other remote locations.

9.     Representative Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow allege on behalf of themselves and other individuals employed by Defendants as role-players that Defendants engaged in employment practices that failed to compensate role-players for all hours worked, failed to

SPENCER JOHNSON McCAMMON LLP

CLASS ACTION COMPLAINT

compensate role-players for overtime hours worked, failed to provide accurate earnings statements, and failed to pay all wages due upon the termination of their employment.

10.     The proposed class in this complaint consists of employees, all of whom worked as role-players for the Defendants at any time between July 2014 and the date of judgment in this action (referred to herein as "Role-player Class").

11.     This action seeks compensation for all hours worked, overtime hours worked, liquidated damages, penalties for failure to provide accurate earnings statements, and waiting time penalties.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action under 28 U.S.C. §1331 conferring original jurisdiction upon this Court for actions arising under the laws of the United States and under 28 U.S.C. §1332 conferring diversity jurisdiction upon this Court for actions arising between parties for whom there is complete diversity and damages exceed the statutory minimum.

13.     Venue is proper in this district under 28 U.S.C. §1391 and 42 U.S.C. §2000e5(f) because the Defendants maintain offices, conduct business, and a substantial portion of the acts alleged in this complaint occurred in California and within this judicial district.

14.     The Southern District, San Diego is proper venue because a substantial part of the events and omissions that gave rise to these claims occurred in San Diego County.

## PARTIES

15.     Plaintiff Abikar is a resident of the County San Diego, State of California. He worked for the Defendants as a Role-player during the time relevant in this Complaint.

16.     Plaintiff Awmagan is a resident of the County San Diego, State of California.  He worked for the Defendants as a role-player during the time relevant in this Complaint.

SPENCER JOHNSON MCCAMMON LLP

SPENCER JOHNSON MCCAMMONLLP

17.   Plaintiff Deh is a resident of the County San Diego, State of California. He worked for the Defendants as a role-player during the time relevant in this Complaint.

18.   Plaintiff Madende is a resident of the County San Diego, State of California.  She worked for the Defendants as a role-player during the time relevant in this Complaint.

19.   Plaintiff Mohamed is a resident of the County San Diego, State of California.  He worked for the Defendants as a role-player during the time relevant in this Complaint.

20.   Plaintiff Muganga is a resident of the County San Diego, State of California.  He worked for the Defendants as a role-player during the time relevant in this Complaint.

21.   Plaintiff Musa is a resident of the County San Diego, State of California. She worked for the Defendants as a role-player during the time relevant in this Complaint.

22.   Plaintiff Somow is a resident of the County San Diego, State of California.  She worked for the Defendants as a role-player during the time relevant in this Complaint.

23.   Plaintiffs are informed and believe that Defendant Bristol Bay is an Alaskan Native Corporation based in Anchorage, Alaska.  It is the parent company of GTS and Workforce Resources.  It operated as a joint employer with GTS and Workforce Resources with respect to the allegations in this complaint by sharing or codetermining policies, human resources functions, management functions, payroll functions, and more.

24.   Plaintiffs are informed and believe that Defendant GTS, an Alaska LLC, is a wholly owned subsidiary of Bristol Bay and maintained an office in Oceanside, California.  It operated as a joint employer with Bristol Bay and Workforce Resources

with respect to the allegations in this complaint by sharing or codetermining policies, human resources functions, management functions, payroll functions, and more.

25.   Plaintiffs are informed and believe that Defendant Workforce Resources, an Alaska LLC, is a wholly owned subsidiary of Bristol Bay and maintained an office in Oceanside, California. It operated as a joint employer with Bristol Bay and GTS with respect to the allegations in this complaint by sharing or codetermining policies, human resources functions, management functions, payroll functions, and more. Plaintiffs are further informed and believe that Workforce Resources' registration to conduct business in California was cancelled on August 29, 2017.

26.   The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to Plaintiffs at this time.  Plaintiffs therefore sue said Defendants by such fictitious names.  Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 50 when their names are ascertained.

27.   Plaintiffs are informed and believe, and based thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs for the events and actions alleged herein.  Unless otherwise specified by name, Defendants Bristol Bay, GTS, Workforce Resources, and DOES 1 through 50, will be collectively referred to as "Defendants."

28.   Plaintiffs are informed and believe, and based thereon allege, that at all times, each Defendant was acting as an agent, joint venturer, integrated enterprise and/or alter ego for each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein so that each is responsible for the acts of the other in connection with such wrongful acts in connection with the other Defendants.

29.   Plaintiffs are informed and believe, and based thereon allege, that each Defendant was acting within the scope and course of their employment, and was acting with the knowledge, permission, consent, and ratification of every other Defendant.

SPENCER JOHNSON MCCAMMON LLP

6

SPENCER JOHNSON MCCAMMON LLP

## ROLE-PLAYER CLASS

30.    The alleged events, omissions, denials, and violations of California Labor Code, Wage Orders, and the Fair Labor Standards Act suffered by the Representative Plaintiffs and similarly aggrieved employees were and are part of a general policy or practice of failing to pay wages for all hours worked and over-time hours worked, failing to provide accurate wage statements and failing to pay all wages due upon termination of role-players' employment throughout the relevant time.

31.    These are not isolated instances of employment practices or individual decisions.  Instead, these denials and violations are representative of the Defendants' systematic failure to pay wages for all hours worked and over-time hours worked, failure to provide accurate wage statements and failure to pay all wages due upon termination of role-players' employment throughout the relevant time.

32.    These same events, omissions, denials, and violations resulted from an intentional policy and practice of failure to pay wages for all hours worked and over-time hours worked, failure to provide accurate wage statements and failure to pay all wages due upon termination of role-players' employment s throughout the relevant time.

33.    The Defendants have pursued policies or practices on a continuing basis that have denied role-players payment of wages for all hours worked and over-time hours worked, accurate wage statements, and payment of all wages due upon termination of employment throughout the relevant time.

## CLASS ALLEGATIONS

34.    The Plaintiffs bring this class action pursuant to Federal Rules of Civil Procedure 23(a) on behalf of a Role-player Class of all employees who worked for the Defendants as role-players at any time since July 2014 through the date of judgment in this action.

/ / /

/ / /

7

35.    Plaintiffs seek to represent a class composed of and defined as follows:

All persons who are employed by or have been employed as a role-player on an hourly basis or who hold or held the position role-player ("role players"), by Defendants in the State of California from four years before the filing of this suit to the present.

36.    Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

37.    This action has been brought and may properly be maintained as a Class Action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

38.    The claims of these Plaintiffs are typical of the claims of the Role-player Class.

39.    The Plaintiffs will fairly and adequately represent the Role-player Class.

40.    The members of the Role-player Class are so numerous that joinder of all members is impracticable. Although the precise number of role-player employees affected by the Defendants' unlawful practices or policies is currently unknown, it is far greater than can be feasibly addressed through joinder.  The precise number of role-player employees affected by the Defendants' unlawful practices or policies is ascertainable from the Defendants' records.

41.    Class certification is appropriate because common questions of fact and law predominate over any questions affecting only individual members of the Role-player Class.  These common questions of law and fact include, without limitation and subject to further amendment:

a.    Whether Defendants' policy or practice of not compensating role-player employees for all hours worked is illegal under California Labor Code §§1182.12, 1194, 1194.2, 1197 and Wage Order No. 4-2001 §3(A);

CLASS ACTION COMPLAINT

SPENCER JOHNSON McCAMMON LLP

b.   Whether Defendants' policy or practice of not compensating role-player employees for all hours worked is illegal under the Fair Labor Standards Act;

c.   Whether Defendants' policy or practice of not compensating role-player employees overtime for the hours worked over 40 in a workweek or eight hours in a day is illegal under Labor Code§§510, 1194, and Wage Order No. 4-2001 §3(A);

d.   Whether role-player employees are entitled to liquidated damages under California law;

e.   Whether role-player employees are entitled to liquidated damages under the Federal Labor Standards Act;

f.   Whether Defendants' policy or practice of not paying role-player employees all of their wages due in their final paychecks immediately upon involuntary termination or when 72 hours notice was provided before voluntary resignation, is unlawful under California Labor Code §§201, 202 and/or 203;

g.   Whether role-player employees are entitled to relief pursuant to California Business & Professions Code §§17200, et seq;

h.   Whether Defendants violated Labor Code §§ 226 by not providing accurate pay stubs to role-player employees;

i.   Whether Defendants converted the property of role-player employees;

j.   The nature and extent of class-wide injury and the measure of damages, penalties, or other monetary relief;

k.   Whether Defendants violated the Unfair Business Practices Act by violating the laws as alleged herein; and

CLASS ACTION COMPLAINT

SPENCER JOHNSON MCCAMMON LLP

l.   Whether Defendants have been unjustly enriched.

42.   Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because there are many questions of law and fact common to the Role-player Class, and these questions predominate over any questions affecting only individual members.  Common questions of law or fact include whether Defendants denied role-players payment of wages for all hours worked and compensation for over-time hours worked, accurate wage statements, and payment of all wages due upon termination of employment throughout the relevant time as described above.

43.   Class Certification is appropriate because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

44.   Moreover, class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate because managing individual suits for each of the members of the Role-player Class would burden the Court.

45.   The members of the Role-player Class have been damaged and are entitled to recovery as a result of the Defendants' common, uniform, and unlawful payroll policies and practices. The Defendants have computerized payroll and personnel data that will make calculation of damages for specific members of the Role-player Class relatively simple.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**(Individual and Representative Claim for**

**Failure to Pay Minimum Wages in Violation of**

**California Labor Code §§ 1182.12, 1194,**

**1194.2, 1197, and Wage Order No. 4-2001 § 3(A))**

(Against all Defendants)

46.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

47.     Pursuant to California Labor Code §§1182.12, 1194, 1194.2, and 1197 it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

48.     During all times relevant, California IWC Wage Order No. 4-2001, governing the "Professional, Technical, Clerical, Mechanical and Similar Occupations" industry, applied to Plaintiffs and similarly aggrieved employees during their employment with Defendants.

49.     Pursuant to Wage Order 4, section 2(K), "hours worked" means: ". . . the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

50.     Defendants required Plaintiffs and similarly aggrieved employees to meet for work at Defendants' office in Oceanside, California and use Defendants' vans for transportation to and from Camp Pendleton.

51.     Travel time is considered compensable work hours where the employer requires its employees to meet at a designated place, use the employer's transportation to and from the work site and prohibits employees from using their own transportation. Morillion v. Royal Packing Co. (2000) 22 Cal.4th 575.

CLASS ACTION COMPLAINT

SPENCER JOHNSON McCAMMON LLP

52.     California IWC Wage Order No. 4-2001, § 4(A), requires every employer to pay each employee minimum wages not less than:

- $8.00 per hour effective January 1, 2008 through June 30, 2014;
- $9.00 per hour effective July 1, 2014;
- $10.00 per hour effective January 1, 2016; and
- $10.50 per hour effective January 1, 2017

53.     During all times relevant herein, Plaintiffs and similarly aggrieved employees were not been paid minimum wages for all hours for which they were subject to the control of Defendants or suffered or permitted to work in violation of the minimum wage provisions of California Labor Code §§1182.12, 1194, 1194.2, and 1197, and IWC Wage Order No. 4-2001, §4(A).

54.     California Labor Code §1194.2, subdivision (a) provides:

> In an action . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the Commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

55.     Plaintiffs and similarly aggrieved employees should have received minimum wages in a sum according to proof during all times relevant to this action.

56.     Defendants have intentionally failed and refused, and continue to fail and refuse, to pay Plaintiffs and similarly aggrieved employees minimum wages for all time suffered or permitted to work.

57.     Plaintiffs on behalf of themselves and similarly aggrieved employees request the recovery of the unpaid minimum wages, waiting time penalties, liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

/ / /

/ / /

/ / /

12

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### (Individual and Representative Claim

### Failure to Pay Required Minimum Wages in Violation of

### Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206)

(Against all Defendants)

58.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

59.     At all times relevant, Defendants have willfully and intentionally failed to pay Plaintiffs and similarly aggrieved employees minimum wage as required by  29 U.S.C. §206.

60.     Defendants engaged in this practice all times relevant in this action and throughout the three year limitations period that applies pursuant to 29 U.S.C. §255.

61.     At all times relevant herein, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay role-players minimum compensation at the rates required by the FLSA, 29 U.S.C. §206.  Through this unlawful course of conduct, Defendants have deprived Plaintiffs and similarly aggrieved employees of hourly minimum wages provided by the FLSA, 29 U.S.C. §206(a)(1) - $7.25 per hour.

62.     As a result, Defendants have failed to comply with 29 U.S.C. §206 in that it failed to timely pay at least minimum wages to the Plaintiffs and similarly aggrieved employees for all hours worked.

63.     As a result of the unlawful acts of Defendants, Plaintiffs and similarly aggrieved employees are entitled to recover the amounts of their respective unpaid minimum wages, liquidated damages, prejudgment interest, attorneys' fees and costs in an amount to be determined at trial.

/ / /

/ / /

/ / /

SPENCER JOHNSON MCCAMMON LLP

**THIRD CAUSE OF ACTION**

**(Individual and Representative Claim for**

**Failure to Pay Overtime & Double-time Compensation in**

**Violation of California Labor Code §§ 510, 1194,**

**and Wage Order No. 4-2001 § 3(A))**

(Against all Defendants)

64.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

65.     Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in 1 workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  (California Labor Code §510 and California IWC Wage Order No. 4-2001 §3(A).)

66.     Plaintiffs are informed and believe and based thereon allege that during all times relevant to this action, Defendants' employees working as role-players, including Plaintiffs, worked more than 8 hours per workday, and/or more than 40 hours per workweek, but did not receive appropriate compensation for overtime hours suffered or permitted to work.

67.     Based on the misconduct alleged in this Complaint, Plaintiffs and similarly aggrieved employees seek to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

/ / /

/ / /

/ //

/ / /

/ //

CLASS ACTION COMPLAINT

**FOURTH CAUSE OF ACTION**

(**Individual and Representative Claim for Conversion**)

(Against all Defendants)

68.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

69.     At all times relevant herein, Defendants wrongfully withheld and failed to pay to Plaintiffs and similarly aggrieved employees, wages and other compensation that was due to them as required by California and Federal laws and regulations.

70.     At all times relevant herein, Defendants had and continued to have a legal obligation to pay to Plaintiffs and similarly aggrieved employees, all of their wages. Such wages and compensation belonged to Plaintiffs and similarly aggrieved employees at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of Plaintiffs and similarly aggrieved employees.

71.     Defendants knowingly and intentionally required Plaintiffs and similarly aggrieved employees to forfeit their wages, or portions thereof.

72.     Defendants intentionally converted the wages and compensation of Plaintiffs and similarly aggrieved employees by failing to pay all hours worked and failing to provide time and a half compensation for each and every hour they worked over 40 in a workweek and/or eight in a day, and where applicable, double-time compensation.

73.     Defendants converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at the expense of Plaintiffs and similarly aggrieved employees.

74.     As a proximate result of the conversion by Defendants, Plaintiffs and similarly aggrieved employees are entitled to the return of the wages converted by Defendants in an amount according to proof at the time of trial.

SPENCER JOHNSON McCAMMON LLP

75.    Plaintiffs and the similarly aggrieved employees have been injured by Defendants' intentional conversion of such wages and compensation.

76.    Plaintiffs and similarly aggrieved employees are entitled to all monies converted by Defendants, with interest thereon as well as any and all profits, whether direct or indirect, which Defendants acquired by their unlawful conversion.

77.    In doing the things herein alleged, Defendants are guilty of oppression, fraud and malice, and, insofar as the things alleged were attributable to employees of Defendants, said employees were employed by Defendants with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendants authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendants all entitling Plaintiffs to the recovery of exemplary and punitive damages. Plaintiffs are further entitled to compensation for the time and money expended in pursuit of the converted property.

## FIFTH CAUSE OF ACTION

### (Individual and Representative Claim for

### Penalties for Violations of California Labor Code § 226 for

### Failure to Provide Accurate Wage Statements)

(Against all Defendants)

78.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

79.    Plaintiffs allege that Labor Code §226 subdivision (a) requires, in pertinent part:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

SPENCER JOHNSON McCAMMON LLP

SPENCER JOHNSON McCAMMON LLP

worked by the employee, ... (5) net wages earned, ... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee  (California Labor Code §226 subdivision (a).)

80.     Plaintiffs allege that during all times relevant herein, Plaintiffs and similarly aggrieved employees, never received any wage statement with all of the required information set forth under California Labor Code §226 from Defendants and Plaintiffs and similarly aggrieved employees suffered damages from not receiving accurate wage statements.

81.     Plaintiffs allege that on numerous occasions, the extent which will be proven at trial, Defendants violated various provisions of §226, including but not limited to subdivisions (a)(1), (2), (5), and  (9) by failing to provide Plaintiffs and similarly aggrieved employees accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked; (5) net wages earned; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.     California Labor Code §226 states:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. (*Id.* §226, subd. (e)(1).)

83.     As a direct and proximate result of Defendants' knowing and intentional failure and refusal to provide accurate itemized wage statements to Plaintiffs and similarly aggrieved employees, have suffered injury.  Plaintiffs and similarly aggrieved

employees are entitled to recover fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent violation ($4,000.00, in this matter), plus interest thereon, attorney's fees and costs in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

**(Individual and Representative Claim for Failure to Pay**
**Timely Earned Wages During Employment and**
**Upon Separation of Employment in Violation of**
**California Labor Code §§ 201, 202, 203, 204, 218.5, and 218.6)**

(Against all Defendants)

84.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

85.    Pursuant to California Labor Code §201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

86.    Pursuant to California Labor Code §202:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

87.    California Labor Code §203 provides, in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ...

SPENCER JOHNSON MCCAMMON LLP

88.     Pursuant to California Labor Code §204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

89.     Pursuant to California Labor Code § 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

90.     Pursuant to California Labor Code §218.6:

> In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable ..."

91.     Plaintiffs and similarly aggrieved employees were not properly paid pursuant to the requirements of California Labor Code §§201, 202, and 204.  To date, Defendants have not paid Plaintiffs and similarly aggrieved employees all earned wages.

92.     Plaintiffs are informed and believe and based thereon allege that Defendants willfully failed to pay Plaintiffs' and similarly aggrieved employees wages pursuant to the requirements of California Labor Code §§201, 202, and 204, and therefore Plaintiffs and similarly aggrieved employees are entitled the associated unpaid wages and waiting time penalties.  Plaintiffs are informed and believe and based thereon allege that Defendants did this with the intent to secure for themselves a discount on its indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or defraud Plaintiffs and similarly aggrieved employees.

93.     Plaintiffs and similarly aggrieved employees have been deprived of their rightfully earned wages as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

/ / /

/ / /

SPENCER JOHNSON McCAMMON LLP

94.    Plaintiffs and similarly aggrieved employees seek to recover unpaid wages, waiting time penalties, interest, attorneys' fees and costs in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

**(Individual and Representative Claim Under the California**

**Unfair Business Practices Act, California**

**Business and Professions Code §§ 17200, *et seq*.)**

(Against all Defendants)

95.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

96.    Defendants, and each of them, are "persons" as defined under California Business and Professions Code §17021.

97.    Plaintiffs are informed and believe and based thereon allege that Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof. Code §17200, *et seq*., by misconduct and violating laws as alleged in this Complaint and which are incorporated herein by reference and include, but are not limited to:

- Defendants' policy or practice of not paying role-player employees minimum wages and overtime compensation for all hours worked in violation of California law and FLSA;

- Defendants' policy or practice of not paying role-player employees all of their wages due in their final paychecks immediately upon involuntary termination or when 72 hours notice was provided before voluntary resignation, in violation of California Labor Code §§201, 202 and/or 203;

- Defendants' policy or practice of not providing role-player employees accurate pay stubs violated

CLASS ACTION COMPLAINT

California Labor Code §226; and

- Defendants' intentional policy or practice constituted conversion of the property of role-player employees.

98.     The practices described above were unfair within the meaning of Cal. Bus. & Prof. Code §17200, *et seq*., because the acts were intentionally performed to harm Plaintiffs and similarly aggrieved employees.

99.     Plaintiffs are informed and believe, and based thereon allege, that the unlawful, unfair and fraudulent business practices described above present a continuing threat to members of the public because it is believed that Defendants continue to operate in the illegal manner as alleged herein.

100.    Defendants have gained an unfair advantage over their competition by taking advantage of labor provided by Plaintiffs and similarly aggrieved employees without paying proper compensation.  Accordingly, "[t]he [Defendant has] acquired the money to be paid by means of an unlawful practice that constitutes unfair competition as defined by section 17200." (*Cortez v.   Purolator Air Filtration Products Co.*  (2000) 23 Cal.4th 163, 177.)

101.    As a result of the above-alleged misconduct, Plaintiffs, on behalf of themselves and similarly aggrieved employees, have been deprived of lawful wages to which they were entitled and Plaintiffs and similarly aggrieved employees have suffered damages, in an amount to be determined according to proof at trial.

102.    As a direct and proximate result of the above-alleged misconduct, Plaintiffs are entitled to and hereby seek restitution for, among other things, back pay in an amount to be proven at trial for the last four years from the date this Complaint was filed.

103.    As a direct and proximate result of the aforesaid acts and conduct of Defendants, Plaintiffs and similarly aggrieved employees are entitled to and hereby seek attorneys' fees as permitted by law and as provided for by §1021.5 of the California Code of Civil Procedure.

CLASS ACTION COMPLAINT

**SPENCER JOHNSON MCCAMMON LLP**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs hereby pray that the Court enter judgment in favor of Plaintiffs and the Role-player Class against Defendants and Does 1 through 50, as follows:

1. Certification of the case as a class action on behalf of the proposed Role-player Class;

2. Designation of Plaintiffs Abikar, Awmagan, Deh, Madende, Mohamed, Muganga, Musa, and Somow as representatives of the Role-player Class;

3. Designation of counsel of record as class counsel for the Role-player Class;

4. For unpaid minimum wages and regular wages for all work performed off-the-clock in an amount according to proof;

5. For liquidated damages in an amount according to proof;

6. For unpaid and overtime wages in an amount according to proof;

7. For waiting time penalties as provided in California Labor Code §203 for all Role-player Class members who are no longer employed by Defendants in an amount according to proof;

8. For the amounts provided for in California Labor Code §226(e) in an amount according to proof;

9. For an accounting, under administration of Plaintiffs and subject to Court review;

10. For punitive damages as allowed by law and in an amount according to proof;

11. For interest pursuant to all applicable provisions of law;

12. For attorney's fees and costs pursuant to all applicable provisions of law; and

13. For such other and further relief as the Court deems just and proper.

CLASS ACTION COMPLAINT

1    Dated: July 25, 2018                    Respectfully submitted,

2                                            SPENCER JOHNSON MCCAMMON LLP

3

4                                            By: _____

5                                                A. Melissa Johnson

6                                                Attorneys for Plaintiffs and proposed
                                                 Class
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPENCER JOHNSON MCCAMMON LLP

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues so triable.


Dated: July 25, 2018


SPENCER JOHNSON MCCAMMON LLP


A. Melissa Johnson
Attorneys for Plaintiffs and Proposed Class

CLASS ACTION COMPLAINT