UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Abucar Nunow ABIKAR, Barkadle Sheikh Muhamed AWMAGAN, Arab Mursal DEH, Majuma MADENDE, Osman Musa MOHAMED, Osman Musa MUGANGA, Rukia MUSA, and Fatuma SOMOW, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Bristol Bay Native Corporation, Glacier Technical Solutions, LLC, and Workforce Resources, LLC, and DOES 1-50<br><br>Defendants. | Case No. 18-cv-1700-GPC-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND TRANSFERRING CASE TO DISTRICT JUDGE SAMMARTINO AND DENYING AS MOOT PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>**[Dkt. Nos. 13, 14.]** |

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41, or alternatively the first-to-file rule, or in the alternative, motion to stay the action. (Dkt. No. 14.) Plaintiffs filed an opposition. (Dkt. No. 17.) Defendants filed a reply. (Dkt. No. 19.) Pending also is Plaintiffs' motion to consolidate cases which is fully briefed. (Dkt. Nos. 13, 16, 18.) Based on the reasoning below, the Court

GRANTS in part and DENIES in part Defendants' motion to dismiss and TRANSFERS the case to District Judge Janis L. Sammartino under the first-to-file rule. The Court also DENIES Plaintiffs' motion to consolidate as moot.

## Background

On July 25, 2018, Plaintiffs Abucar Nunow ABIKAR, Barkadle Sheikh Muhamed AWMAGAN, Arab Mursal DEH, Majuma MADENDE, Osman Musa MOHAMED, Osman Musa MUGANGA, Rukia MUSA, and Fatuma SOMOW ("Plaintiffs") filed the instant purported class action complaint ("Abikar II") against Defendants Bristol Bay Native Corporation, Glacier Technical Solutions, LLC, and Workforce Resources, LLC ("Defendants"), which was initially assigned to District Judge Sabraw. (Abikar II, Dkt. No. 1.) Plaintiffs in Abikar II are asserting numerous violations of California's Labor Code, the Fair Labor Standards Act ("FLSA"), and claims for unfair business practices under the Unfair Competition Law ("UCL") and conversion for Defendants' failure to pay earned wages, failure to pay overtime wages, failure to furnish accurate wage statements, and failure to pay wages due upon termination of employment. (Abikar II, Dkt. No. 1, Compl. ¶ 30.) Plaintiffs seek to represent a putative class of East African, Iraqi, Afghani, Filipino, and Mexican former role players employed by Defendants since July 2014. (Id. ¶¶ 2, 30-34.) The proposed class definition in Abikar II include "[a]ll persons who are employed by or have been employed as a role-player on an hourly basis or who hold or held the position role-player ("role players"), by Defendants in the State of California from four years before the filing of this suit to the present." (Id. ¶ 35.)

Prior to the filing of Abikar II, Plaintiffs were already engaged in litigation with Defendants before the undersigned judge in Case No. 17-cv-01036-GPC-AGS filed on May 18, 2017 ("Abikar I"). (Abikar I, Dkt. No. 1, Compl.) Abikar I involved the same eight plaintiffs, from countries in East Africa, who sought to represent a putative class of East African refugees consisting of role players employed or formerly employed by

Defendants. (Abikar I, Dkt. No. 1, FAC ¶¶ 13, 14.) Plaintiffs in Abikar I asserted claims for discrimination and harassment based on race, color, national origin, religious, gender/sex discrimination and harassment under 42 U.S.C. §2000e, 42 U.S.C. § 1981 and California Government Code sections 12940(a) & (j). (Abikar I, Dkt. No. 5, FAC.)

In Abikar I, Plaintiffs sought the following defined classes: "(1) an East African Class of all employees who are from any of above-identified East African Countries and who worked for the Defendants as role-players at any time from 2010 through the date of judgment in this action (the East African Class); (2) a Female Class of all employees who are from any of the above identified East African Countries, are female, and who worked for the Defendants as role-players at any time from 2010 through the date of judgment in this action (the Female Class); and (3) an East African Class of all employees who are from any of the above-identified East African Countries, are Muslim, and who worked for the Defendants as role-players at any time from 2010 through the date of judgment in this action (the Muslim Class)." (Id. ¶ 42.)

On May 22, 2018, Plaintiffs in Abikar I, filed a motion for leave to file a second amended complaint ("SAC"). (Id., Dkt. No. 37.) On July 20, 2018, the Court denied the motion because the proposed SAC added two claims that would be futile, however, because it was possible that additional allegations would make these claims plausible, the Court granted Plaintiffs leave to file a reworked second amended complaint within 14 days of the Court's order. (Id., Dkt. No. 45.) On August 3, 2018, Plaintiffs filed a notice that they were not amending their FAC. (Id., Dkt. No. 57.) On September 28, 2018, Defendants filed a motion to dismiss for Plaintiffs' failure to comply with court orders and sought monetary sanctions. (Id., Dkt. No. 79.) On December 17, 2018, the Court granted in part and denied in part Defendants' motion to dismiss and granted monetary sanctions against Plaintiffs' counsel. (Id., Dkt. No. 117.) On December 21, 2018, the Court denied Plaintiffs' motion for class certification in Abikar I. (Id., Dkt. Nos. 55, 119.) Thereafter, on January 28, 2019, Judge Schopler held a Mandatory

Settlement Conference and settled Abikar I on February 4, 2019. (Abikar I, Dkt. Nos. 138, 140.)

In between the filing of Abikar I and Abikar II, on September 27, 2017, Plaintiffs Ahmad Jawad Abdul JAMIL, Ahmad Jamshid Abdul JAMIL and Ahmad Farhad Abdul JAMIL ("Jamil Plaintiffs") filed a complaint ("Jamil") in the San Diego Superior Court against Defendants Bristol Bay Native Corporation and Workforce Resources, LLC which was removed to this court on January 4, 2018 and assigned to District Judge Janis L. Sammartino in Case No. 18cv27-JLS(NLS). (Jamil, Dkt. No. 1.) On July 20, 2018, the Jamil Plaintiffs filed an amended complaint. (Id., Dkt. No. 22, FAC.) In Jamil, three plaintiffs are seeking to represent a putative class consisting of cultural advisors/role players employed by Defendants Bristol Bay Native Corporation and Workforce Resources LLC. (Id.) Plaintiffs in Jamil are asserting claims for various labor code violations as well as claims under the UCL and California's Private Attorneys General Act ("PAGA"). (Id.) The Jamil Plaintiffs' class allegations seek to bring claims on behalf of a wage class, meal class, rest period class, waiting time class, wage statement class and include "[a]ll persons who work for Defendant in the positions of role players, cultural advisors, translators, or employees . . . within the four (4) years prior to the filing of this Complaint, up through the final disposition of this action". (Id. ¶ 22.)

Five months after Abikar II was filed, on December 26, 2018, Defendants in Abikar II filed a notice of related case asserting that Abikar II was "unequivocally related" to Abikar I and also claimed that Abikar II was "potentially related" to Jamil. (Abikar II, Dkt. No. 3.) On January 3, 2019, plaintiffs in Abikar II filed a notice of related case claiming the case was related to Jamil. (Abikar II, Dkt. No. 9.) Abikar II was subsequently low-numbered to Abikar I to the undersigned judge. (Abikar II, Dkt. No. 11.)

/ / /

**Discussion**

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) arguing that Plaintiffs failed to timely bring the claims in the Abikar II complaint as a SAC in the Abikar I case; therefore, the claims in the Abikar II complaint are untimely and improper. Alternatively, Defendants move to dismiss based on the first-to-file rule. Lastly, in the event the Court declines to dismiss the case, Defendants seek a stay of the case until the completion of the Jamil case. In opposition, Plaintiffs argue that the case should not be dismissed based on the conduct of Mika Spencer, Plaintiffs' counsel in the Abikar I because the instant Abikar II case will be handled by her partner, A. Melissa Johnson. Moreover, instead of dismissing the case based on the first-to-file rule, the Court should consolidate it to the Jamil case. Alternatively, Plaintiffs do not oppose a stay of the action pending resolution of the Jamil case.

**A.     Motion to Dismiss – Federal Rule of Civil Procedure 41**

District courts have the inherent power to control their dockets and in exercising that power, they may impose sanctions which includes dismissal of the case. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, since dismissal is a harsh penalty, it should be imposed only in extreme circumstances. Ferdik, 963 F.2d at 1260.

A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ferdik, 963 F.2d at 1258

(quoting Thompson, 782 F.2d at 831). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006). "The law also presumes prejudice from unreasonable delay." Id. (citation omitted).

In their briefs, Defendants do not address the factors required to support a Rule 41(b) dismissal but instead improperly rely on cases that address the Rule 15 factors as to whether a court should grant leave to file an amended complaint. They argue that based on the Rule 15 standard, the Court should dismiss the complaint because Plaintiffs should have filed a SAC in Abikar I instead of filing an entirely new complaint in Abikar II. They claim that Plaintiffs are engaged in gamesmanship and judge shopping. Defendants explain that Abikar II consists of the same named Plaintiffs as Abikar I, are represented by the same counsel, and consist of the same underlying facts concerning wage and hour claims as Abikar I. The Abikar II complaint was served on December 18, 2018 only after an adverse ruling was made in Abikar I on Defendants' motion to dismiss and for sanctions on December 17, 2018, and an adverse tentative ruling on Plaintiffs' motion for class certification in Abikar I on December 14, 2018. Therefore, because Plaintiffs failed to timely file an SAC in Abikar I, the Abikar II complaint should be dismissed. Defendants further argue that Plaintiffs are acting in bad faith because Plaintiffs in Abikar II did not inform the Court in Abikar I that they filed Abikar II and only began prosecuting Abikar II once they received adverse rulings from this Court.

Plaintiffs respond that Defendants repeatedly raise the missteps in Abikar I committed by Mika Spencer. However, in Abikar II, A. Melissa Johnson and David

Duchro will be the lead attorneys.  Therefore, dismissal based on Mika Spencer's mishaps is not warranted.  Plaintiffs also argue that Abikar I, a discrimination case, and Abikar II, a wage and hour case, are two distinct cases.  Even though there may be some factual overlap concerning unpaid wages or unpaid overtime, the focus of the allegations are distinct.  Moreover, putative class members are different as Abikar I's putative class members include East African role-players alleging discrimination and Abikar II's putative class members include East African, Iraqi, Afghani, Filipino, and Mexican role-players alleging wage and hour violations.  Plaintiffs further contend that litigating discrimination claims with wage and hour claims may lead to jury confusion.  Therefore, Plaintiffs strategically opted to not include the wage and hour claims in the Abikar I case and filed a new complaint in Abikar II.  Plaintiffs explains that they did not file a notice of related action because Abikar I and II are distinct as defined under Local Civil Rule 40.1(g).

On a dismissal based on Rule 41(b), the Court must consider prejudice to Defendants and the availability of lesser sanctions.  See Wanderer, 910 F.2d at 656.

Defendants argue that they will be significantly prejudiced if Abikar II is allowed to proceed because that they have defended and conducted discovery on the discrimination claims as well as evaluating the wage and hour facts alleged in the Abikar I case.  The newly filed lawsuit in Abikar II will force them to relitigate the factual allegations pertaining to the wage and hours claims.  Plaintiffs argue that Defendants will not be forced to relitigate the wage and hour issues because they did not explore those issue in depositions, Abikar I settled before 6 of the 8 named plaintiffs were deposed, because Abikar I settled, Defendants have not conducted a significant amount of trial preparation and Defendants will have to litigate Jamil's wage and hour claims which are nearly the same as Abikar II.  On the contrary, Plaintiffs argue that they will be prejudiced if they are not allowed to proceed with their FLSA claim which is not alleged in the Jamil case.

Defendants have not demonstrated any significant prejudice of relitigating issues from the filing of Abikar II. While Defendants may have evaluated the wage and hour allegations in Abikar I, any such evaluation may be used in Abikar II, and as Plaintiffs argue, Defendants will still have to defend similar wage and hour claims in Jamil. Defendants make much of the undue delay in failing to file a SAC in Abikar I; however, they do not claim that there was undue delay in filing the Abikar II complaint. The issue is not whether the claims in Abikar II should have been included as a SAC in Abikar I but whether there is prejudice to Defendants in defending Abikar II. See Whitsitt v. West Valley Staffing Grp., Case No. 16cv797-MMC, 2017 WL 783593, at *2 (N.D. Cal. Mar. 1, 2017) (rejecting argument that the plaintiff had filed more than 70 other cases, that several courts had rebuked and admonished plaintiff for his bad faith filings as not relevant to Rule 41 analysis concerning parties' litigation of the immediate action before the district court, not to other cases).

Defendants have failed to demonstrate that the filing of Abikar II will impair their "ability to go to trial or threaten to interfere with the rightful decision of the case." See In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

Neither party has discussed the availability of less drastic alternatives to dismissal. Based on the analysis below, transfer would be the least drastic alternative. Therefore, in consideration of the factors under Rule 41(b), the Court DENIES Defendants' motion to dismiss.

**B.     Motion to Dismiss – First-to-File Rule**

The first-to-file rule is a "recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) (citing Church of Scientology of Cal. v. U.S. Dep't of Army, 611 F.2d 738, 749 (9th Cir. 1979)). While the first to file rule applies to suits that are filed in another district, district courts have applied it to

complaints that are filed in the same district. Andreoli v. Youngevity Int'l, Inc., Case No. 16cv2922-BTM-JLB, 2018 WL 1470264, at *2 (S.D. Cal. Mar. 23, 2018) (citing cases). The first-to-file rule was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991) (quoting Church of Scientology, 611 F.2d at 750). The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Id. at 623.

In determining the applicability of the first-to-file rule, courts look to three factors: (1) the chronology of the lawsuits, (2) the similarity of the parties, and (3) the similarity of the issues. See id. at 625. The "rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter Sys., Inc., 678 F.2d at 95. Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. Alltrade, 946 F.2d at 628. Moreover, a court may, in its discretion, decline to apply the first-to-file rule in the interests of equity as well as a demonstration of prejudice. Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994). When applying the first-to-file rule, courts should be driven to maximize "economy, consistency, and comity." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604 (5th Cir. 1999).

### 1. Chronology

The parties do not dispute the chronology that the Jamil case was filed before Abikar II. (Dkt. No. 14-1 at 21; Dkt. No. 17 at 8.)

### 2. Similarities of the Parties

The parties do not dispute that Jamil and Abikar II involve similar parties. (Dkt. No. 14-1 at 21; Dkt. No. 17 at 8.)

/ / /

### 3. Similarities of the Issues

The Ninth Circuit has held that the issues in both cases do not need to be identical but only "substantially similar." Kohn Law Group, Inc. 787 F.3d at 1240-41. The Ninth Circuit looks at whether there is "substantial overlap" between the two cases. Id. at 1241.

Defendants argue that the issues in both cases are substantially the same and even Plaintiffs concedes they are nearly the same as they filed a motion to consolidate the Abikar II and Jamil cases. (See Dkt. No. 13.)

In response, while Plaintiffs argue that Jamil and Abikar II do not contain the identical issues because Abikar II alleges conversion and FLSA claims, they do not dispute that there are common facts and issues in both cases. Because both cases are not the same, Plaintiffs argue the Court should not dismiss Abikar II but instead, should stay or consolidate the case with Jamil.

The parties do not dispute that the first-to-file rule applies but the issue is whether Abikar II should be dismissed, transferred or stayed.

"Transfer is proper under the first-to-file rule where the complaints raise similar, but not identical, claims and include similar, but not identical, plaintiffs." Carrera v. First American Home Buyers Protection Co., 2009 WL 10674763, at (C.D. Cal. Nov. 30, 2009) (citing Tomkins v. Basic Research LL, Civ S–08–244, 2008 WL 1808316, at *6 (E.D. Cal. Apr. 22, 2008) (transferring the class action complaint because the second action included a claim that was not included in the first action); Persepolis Enter. v. United Parcel Serv., Inc., No. C-07-2379 SC, 2007 WL 2669901, at *2 (N.D. Cal. Sept. 7, 2007) (transferring the class action complaint because the putative classes were defined differently and the breach of contract claims presented different issues)); see also Santich v. GNC Holdings, Inc., Case No. 17cv540-DMS(RBB), 2017 WL 5614902, at *2-3 (S.D. Cal. Nov. 21, 2017) (dismissing case under first to file rule where "claims in each case are identical" and the "the classes they purpose to represent

are identical.").

Here, the parties do not dispute that the causes of action in <u>Abikar II</u> and <u>Jamil</u> are not identical. <u>Abikar II</u> involves an additional claim for conversion and a claim under the FLSA not contained in <u>Jamil</u>'s complaint. Because the causes of action are not identical, the Court exercises its discretion and transfers the case to the docket of District Judge Sammartino.

### Conclusion

Based on the reasoning above, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss and TRANSFERS the case to District Judge Janis L. Sammartino under the first-to-file rule. Based on the ruling, the Court also DENIES as moot Plaintiffs' motion to consolidate the two cases. The hearing set for March 15, 2019 shall be **vacated**.

**IT IS SO ORDERED.**

Dated: March 4, 2019

*/s/ Gonzalo Curiel*
Hon. Gonzalo P. Curiel
United States District Judge