UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Abucar Nunow ABIKAR, Barkadle Sheikh Muhamed AWMAGAN, Arab Mursal DEH, Majuma MADENDE, Osman Musa MOHAMED, Osman Musa MUGANGA, Rukia MUSA, and Fatuma SOMOW, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Bristol Bay Native Corporation; Glacier Technical Solutions, LLC; Workforce Resources, LLC; and DOES 1–50,<br><br>Defendants. | Case No.: 18-CV-1700 JLS (AGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>(ECF No. 25) |

Presently before the Court is Defendants Bristol Bay Native Corporation; Glacier Technical Solutions, LLC; and Workforce Resources, LLC's Motion to Stay Proceedings ("Mot.," ECF No. 25). Also before the Court is Plaintiffs Abucar Nunow Abikar, Barkadle Sheikh Muhamed Awmagan, Arab Mural Deh, Majuma Madende, Osman Musa Mohamed, Osman Musa Muganga, Rukia Musa, and Fatuma Somow's Opposition to ("Opp'n," ECF No. 31) and Defendants' Reply in Support of ("Reply," ECF No. 33) the

///

1

Motion. Having carefully considered the Parties' arguments and the law, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

Plaintiffs filed a punitive class action complaint on July 25, 2018, asserting seven causes of action against Defendants. *See generally* ECF No. 1 ("Compl."). In the Complaint, Plaintiffs allege Defendants intentionally engaged in a policy and practice of failing to pay wages for all hours worked and overtime hours worked, to provide accurate wage statements, and to pay all wages due upon termination of employment. *Id.* at ¶ 32.

On January 24, 2019, Plaintiffs moved to consolidate this action with a separate, earlier-filed action pending before this Court, *Jamil v. Workforce Resources, LLC*, No. 18-CV-27 JLS (NLS) (S.D. Cal. filed Jan. 4, 2018) (the "*Jamil* Action"). *See generally* ECF No. 13. On January 25, 2019, Defendants moved to dismiss or, alternatively, stay this action pending resolution of the *Jamil* Action. *See generally* ECF No. 14. On March 4, 2019, the Honorable Gonzalo P. Curiel granted in part and denied in part Defendants' motion to dismiss, denied as moot Plaintiffs' motion for consolidation, and transferred the case to this Court under the first-to-file rule. *See generally* ECF No. 20.

Defendants filed the instant Motion on April 23, 2019, renewing their request for a stay of this action pending resolution of the *Jamil* Action. *See generally* Mot. On September 26, 2019, Defendants in the *Jamil* Action filed a Notice of Settlement and Joint Motion to Vacate Pending Dates, requesting that the Court vacate the current scheduling deadlines and set a deadline for preliminary approval of the class action settlement. *See generally Jamil* Action, ECF No. 45. The Court granted Defendants' request and vacated all pending dates in the *Jamil* Action. *See generally Jamil* Action, ECF No. 46. On February 14, 2020, Defendants in the *Jamil* Action filed a Notice of Proposed Settlement. *See generally Jamil* Action, ECF No. 52.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay proceedings includes the discretion to grant stays "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Moreover, "[t]his rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64 (citations omitted).

The inherent power of district courts to grant stays "calls for the exercise of sound discretion," by which a court must weigh the competing interests of the parties that would be affected by a grant or denial of a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit has identified three competing interests that warrant the closest examination in this analysis: (1) the hardship or inequity upon the non-moving party that would result from granting the stay, (2) the hardship or inequity upon the moving party in being required to go forward after denial of the stay, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay. *Id.*; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court must balance the "possible damage [to Plaintiff] which may result from the granting of a stay," with "the hardship or inequity which [Defendant] may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. Additionally, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis*, 299 U.S. at 255). If there is "even a fair possibility that the stay for which [Defendant] prays will work damage to someone else," then Defendant must show "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

/ / /

/ / /

# ANALYSIS

## I.   Hardship to Plaintiff in Granting a Stay

Defendants claim that any "possible damage that may result from the granting of a stay is minimal, particularly because [Plaintiffs] . . . are covered as putative class members in the *Jamil* action." Mot. at 10. Plaintiffs counter they will be harmed by a stay because it unnecessarily delays adjudication of their claims for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA") and conversion. Opp'n at 7–8.

For a court to issue a stay, the parties in the two cases need not be the same and the issues need not be identical. *Landis*, 299 U.S. at 254. The Court recognizes that the *Jamil* Action does not contain a FLSA or conversion claim, *see* Opp'n. at 7–8; nonetheless, the Court believes a stay will not create undue hardship or inequity for the Plaintiff. The Court notes, and the parties do not dispute, that there is substantial overlap between the putative classes in this action and the *Jamil* Action, that the Defendants in this action and the *Jamil* Action are identical, and that five of Plaintiffs' seven causes of action are also asserted in the *Jamil* Action. Opp'n at 13–14. Given the significant similarities between the two cases, the Court concludes that Plaintiffs, as putative class members of the *Jamil* Action, have an interest in settlement of the *Jamil* Action. Consequently, the Court is not persuaded that Plaintiffs will be prejudiced by a limited stay pending the settlement of an action in which Plaintiffs themselves have a significant interest.

Nonetheless, the Court recognizes the potential harm to Plaintiffs stemming from delayed adjudication of Plaintiffs' FLSA and conversion claims. This delay, however, is mitigated in part because the Court will only stay this proceeding until the resolution of the *Jamil* Action, at which time Plaintiffs may request that the Court lift the stay. As stated in *Leyva*, "a stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." 593 F.2d at 864. Here, any delay in the adjudication of Plaintiffs' FLSA and conversion claims will be minimal because the parties to the *Jamil* Action filed a Notice of Settlement on September 26, 2019, and a Notice of Proposed Settlement on February 14,

2020, and the Court will hear the Motion for Settlement in the *Jamil* Action on April 9, 2020.[1] A stay will not significantly damage Plaintiffs because it will only be in place for several months and because resolution of the *Jamil* Action will not bar Plaintiffs from adjudicating their FLSA and conversion claims after the stay is lifted. *See In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058 JCS, 2013 WL 3829271, at *3 (N.D. Cal. July 23, 2013).

Finally, as noted in Judge Curiel's March 4, 2019 Order, "Plaintiffs [did] not oppose a stay of the action pending resolution of the *Jamil* case." ECF No. 20 at 5. Plaintiffs fail to explain their change of heart. For all these reasons, this factor favors granting a brief stay.

## II. Hardship to Defendant Absent a Stay

Defendants argue that a refusal to stay this action will result in significant hardship and prejudice to Defendants. Mot. at 10–11. Specifically, Defendants assert that allowing two virtually identical putative class actions to proceed will burden the two Defendants who live in Alaska and Texas, because they will have to make a second trip to San Diego for an early neutral evaluation conference for this action. *Id.* Additionally, Defendants argue they will have to commence separate discovery with respect to similar issues of law and fact. *Id.* at 11–12.

The Court agrees that not granting a stay "would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues" when this case may largely be resolved by the good faith settlement efforts in the *Jamil* Action. *See Alvarez v. T-Mobile USA, Inc.*, No. CIV. 2:10-2373 WBS GGH, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010). Given that Plaintiffs have not demonstrated adequate prejudice from a brief stay, Defendants' burden in further litigating this action is sufficient to establish a

---

[1] The Court can *sua sponte* take judicial notice of the docket of the *Jamil* Action. *See, e.g.*, *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (holding that courts may take judicial notice of dockets in related cases because materials from proceedings in other tribunals are appropriate for judicial notice).

prevailing hardship. *In re JPMorgan* 2013 WL 3829271 at *5; *Lockyer,* 398 F.3d at 1112. Consequently, this factor narrowly favors the granting of the requested, limited stay.

### III. The Orderly Course of Justice

The Court must consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. "[T]he court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Id.* Furthermore, "a district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Id.*

Defendants argue that allowing this action to proceed simultaneously with the *Jamil* Action would "result in an unnecessary waste of the Court's and the parties' resources, while a stay would best serve the interests of judicial economy." Mot. at 2–3. Plaintiffs counter that, "if [D]efendants [we]re truly concerned about waste of their own resources and the [C]ourt's, Defendants would/should want to resolve . . . [the] FLSA claims at the same time it resolves *Jamil*'s state law wage and hour claims." Opp'n. at 9. As such, Plaintiffs assert judicial economy is best served by the Court denying the stay and *sua sponte* consolidating the two cases. *Id.*

The Court agrees with Defendants that a stay would best serve the interests of judicial economy and, consequently, the Court declines to grant Plaintiffs' request for consolidation. The Court finds Defendants' requested stay to be reasonable given the advanced stage of the settlement negotiations in the *Jamil* Action, resolution of which will significantly streamline the remaining issues in this case, thereby promoting economy of time and effort for the Parties and the Court. Further, a stay will allow Parties to conserve their resources pending resolution of the *Jamil* Action. *See In re JP Morgan* at *5 (holding that when a plaintiff does not demonstrate prejudice, a stay avoids unnecessary expenditures of resources). On the other hand, consolidating this action with the *Jamil* Action, when the two cases are no longer in similar procedural stages, would unnecessarily

6

18-CV-1700 JLS (AGS)

complicate the course of litigation and waste resources for all involved. Therefore, this factor strongly favors a brief stay.

## CONCLUSION

The Court finds that each of the three *CMAX* factors weighs in favor of granting a brief stay of this action pending resolution of the *Jamil* Action. Further, granting the requested stay would best promote the interests of securing a just, speedy, and inexpensive determination of the action. *See* Fed. R. Civ. P. 1. Accordingly, the Court **GRANTS** Defendants' Motion (ECF No. 25) and **STAYS** this action in its entirety pending the resolution of the *Jamil* Action. The Court therefore **VACATES** all pending deadlines in this action pending resolution of the *Jamil* Action. The Parties **SHALL FILE** a joint status report within the earlier of <u>fourteen (14) days</u> of the resolution of the *Jamil* Action or <u>six (6) months</u> of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: March 18, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge