UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Abucar Nunow ABIKAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRISTOL BAY NATIVE CORPORATION, et al., <br><br> Defendants. | Case No.: 18-cv-1700-JLS-AGS <br><br> **ORDER GRANTING EXTENSION OF TIME TO AMEND PLEADINGS** |

The Court grants plaintiff's request to extend the motion-to-amend deadline. Once a court "issues a pretrial scheduling order establishing the deadline for the amendment of pleadings, motions to amend filed after the deadline are governed by Federal Rule of Civil Procedure 16." *La Jolla Spa MD, Inc. v. Avidas Pharm., LLC*, No. 17CV1124-MMA (WVG), 2018 WL 6523048, at *2 (S.D. Cal. Dec. 12, 2018). Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Romero v. Securus Techs., Inc.*, No. 16CV1283-JM-MDD, 2017 WL 5569811, at *1 (S.D. Cal. Nov. 20, 2017).

Here, the scheduling order was not issued until *after* plaintiff's request for an extension, on January 28, 2021. (ECF 47.) Moreover, the scheduling order deferred setting a motion-to-amend deadline. (*Id*. at 1.) In effect, there was never a motion-to-amend date

1

to modify; the deadline that plaintiff seeks to "extend" is a *tentative* date set by the Court's March 19, 2019 Notice and Order. (ECF 23, at 3.)

But even if there had been a deadline to modify, plaintiffs have demonstrated diligence in seeking the amendment. On April 23, 2019, about a month after the Court's Notice and Order, defendants moved to stay these proceedings pending the resolution of a "nearly identical" case. (ECF 25, at 2.) The Court granted that motion, and later lifted the stay on December 22, 2020. (ECF 32; ECF 34; ECF 39.) Plaintiffs "stated their intention to amend the complaint" one month later, at the January 28, 2021 Case Management Conference. (ECF 50, at 2.) Therefore, of the 22 months between setting a tentative deadline and plaintiff's requesting an "extension," there were 18 months in which the proceedings were actually stayed or the Court was considering the motion to stay. So, plaintiffs have been reasonably diligent, and there would be "good cause" to consider modifying the scheduling order.

For the reasons stated above, plaintiff's request to extend the Motion to Amend deadline is granted. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by April 8, 2021.

Dated:  February 11, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge

2